**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__         District of   __Texas__
                                   (State)

Case number *(if known)*: _____     Chapter   __11__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Midstates Petroleum Company, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **None** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | __45-3691816__ |

4. **Debtor's address**

| Principal place of business[1] | Mailing address, if different from principal place of business |
|---|---|
| **321 South Boston, Suite 1000** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Tulsa, Oklahoma 74103** | |
| City                 State       Zip Code | City                 State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Tulsa County** | |
| County | Number          Street |
| | City                 State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://www.midstatespetroleum.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

---

[1]   The Debtor has leased office space in Houston, Texas, which is the primary office in which its Chief Financial Officer works.

| Debtor | **Midstates Petroleum Company, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B. *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 Oil and Gas Extraction**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No

☐  Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | | | | MM/DD/YYYY | | |
| | District | | When | | Case number | |
| | | | | MM/DD/YYYY | | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐  No

☒  Yes.

| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **Southern District of Texas** | When | |
| | | | | **4/30/2016** |
| | Case number, if known | | | MM/DD/YYYY |

Debtor     **Midstates Petroleum Company, Inc.**                Case number *(if known)* _____

      Name

| | |
|---|---|
| **11. Why is the case filed in *this* district?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.[2]<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No (see attached Rider 2)<br>☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>    What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**<br><br>     _____<br>     Number     Street<br><br>     _____<br><br>     _____  _____  _____<br>     City           State    Zip Code<br><br>**Is the property insured?**<br><br>☐ No<br><br>☐ Yes.  Insurance agency _____<br>         Contact name _____<br>         Phone _____ |

| Statistical and administrative information |
|---|

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

(on a consolidated basis)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☒ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

(on a consolidated basis)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[2]   The Debtor has leased office space in Houston, Texas, which is the primary office in which its Chief Financial Officer works.

| Debtor | **Midstates Petroleum Company, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**16. Estimated liabilities**

(on a consolidated basis)

☐ $0-$50,000                    ☐ $1,000,001-$10 million            ☐ $500,000,001-$1 billion
☐ $50,001-$100,000          ☐ $10,000,001-$50 million          ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000        ☐ $50,000,001-$100 million        ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million        ☐ $100,000,001-$500 million      ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **4/30/2016**
                        MM/DD/YYYY

✗     **/s/ Nelson M. Haight**                                    **Nelson M. Haight**
       Signature of authorized representative of debtor          Printed name

Title    **Executive Vice President and Chief Financial Officer**

**18. Signature of attorney**

✗     **/s/ Patricia B. Tomasco**                    Date     **4/30/2016**
       Signature of attorney for debtor                              MM/DD/YYYY

**Patricia B. Tomasco**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number                              Street

**Houston**                                                              **Texas**          **77010**
City                                                                          State              ZIP Code

**(713) 752-4200**                                              **ptomasco@jw.com**
Contact phone                                                    Email address

**01797600**                                                       **Texas**
Bar number                                                         State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__**Southern**__                District of  __**Texas**__
                                              (State)

Case number *(if known)*:  _____        Chapter  __**11**__

☐ Check if this is an amended filing

## __Rider 1__

## __Pending Bankruptcy Cases Filed by the Debtor and Affiliate of the Debtor__

On the date hereof, each of the entities listed below (together, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Midstates Petroleum Company, Inc.

- Midstates Petroleum Company, Inc.
- Midstates Petroleum Company LLC

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__**Southern**__   District of   __**Texas**_____

(State)

Case number *(if known):*   _____   Chapter   __**11**__

☐ Check if this is an
amended filing

### Rider 2

### Response to Question 12 of Offical Form 201

The debtors, Midstates Petroleum Company, Inc. and Midstates Petroleum Company LLC (together, the "Debtors"), engage in the exploration, development, and production of oil and natural gas. The Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety; however, the Debtors note that they are not aware of any definition of "imminent and identifiable harm" as used in this question. The Debtors are not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtors that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety.

## Midstates Petroleum Company, Inc.

### SECRETARY'S CERTIFICATE

April 30, 2016

I, Scott C. Weatherholt, hereby certify that I am the duly elected and qualified Corporate Secretary of Midstates Petroleum Company, Inc., a Delaware corporation (the "Company"), and hereby certify, in my capacity as an officer of the Company and not in my individual capacity, and on behalf of the Company, that attached hereto as Exhibit A is a true, correct and complete copy of resolutions duly adopted by the board of directors (the "Board") of the Company on April 30, 2016.  Such resolutions have not been modified, rescinded or amended since the date of adoption thereof and are in effect on the date hereof.

IN WITNESS WHEREOF, I have executed this Certificate as of the date first set forth above.

By: _____

Name:  Scott C. Weatherholt
Title:    Vice President – General Counsel &
            Corporate Secretary

Attestation

I, Jason McGlynn, Director – Strategic Planning, Investor Relations & Treasury of Midstates Petroleum Company, Inc., do hereby certify that Scott C. Weatherholt has been duly elected and qualified as, and on this day is, Secretary of Midstates Petroleum Company, Inc., and the signature above is his genuine signature.

IN WITNESS WHEREOF, I have executed this attestation as of the date first set forth above.

By: _____

Name:  Jason McGlynn
Title:    Director – Strategic Planning,
            Investor Relations & Treasury

**Midstates Petroleum Company, Inc.**

**RESOLUTIONS
OF THE BOARD OF DIRECTORS**

**April 30, 2016**

The undersigned, being all of the members of the board of directors (the "Board") of Midstates Petroleum Company, Inc., a Delaware corporation (the "Company"), **DO HEREBY CONSENT** to the taking of the following actions and **DO HEREBY ADOPT** the following resolutions pursuant to the Company's bylaws and the General Corporation Law of the State of Delaware (the "DGCL").

> WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest; and

> WHEREAS, the Board has had the opportunity to consult with the Company's management, and financial and legal advisors and fully consider each of the strategic alternatives available to the Company.

*Chapter 11 Filing*

> NOW, THEREFORE, BE IT, RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

> FURTHER RESOLVED, that Messrs. Jake Brace, Nelson Haight, and Scott Weatherholt (collectively, the "Authorized Officers") are hereby designated by the Board, acting alone or with one or more other Authorized Officers be, and they are hereby authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, applications, pleadings, lists, motions, and other papers or documents as necessary to commence the Chapter 11 Cases and obtain chapter 11 relief, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

*Plan Support Agreement and Plan*

> WHEREAS, the Board has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board to authorize the Company to enter into that certain plan support agreement (the "Plan Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting

parties substantially in the form presented to the Company's Board on or in advance of the date hereof;

WHEREAS, the chapter 11 plan of reorganization the Company and its advisors are negotiating with various creditors (the "<u>Plan</u>"), to be effectuated consistent with the Plan Support Agreement, contemplates that claims against members of the Board would be released under the Plan, subject to confirmation of the Plan, and on the effective date of such Plan;

WHEREAS, the members of the Board acknowledge and believe that the Plan Support Agreement is procedurally and substantively fair to the Company as contemplated by DGCL or the Company's governing documents, to the extent applicable.

NOW, THEREFORE, BE IT, RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Plan Support Agreement;

FURTHER RESOLVED, that the Board hereby authorizes the Company, upon advice from the Company's advisors, to file the Plan and related disclosure statement (the "<u>Disclosure Statement</u>"), materially consistent with the form of the Plan and Disclosure Statement presented to the Board prior to the date of filing;

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby are, authorized and empowered to take all actions necessary to solicit acceptance for the Plan in accordance with the Bankruptcy Code;

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to take or cause to be taken any and all action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable to fully carry out the means for implementation of the Plan;

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Plan Support Agreement and Plan (collectively, the "<u>Restructuring Transactions</u>");

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Plan Support Agreement and Plan (collectively, the "<u>Restructuring Documents</u>"), to incur and pay or cause to be paid all

fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions; and

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

### Retention of Professionals

NOW, THEREFORE, BE IT, RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker LLP as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Jackson Walker LLP;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Huron Consulting Services LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention

agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Huron Consulting Services LLC;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Group L.L.C. as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Evercore Group L.L.C.;

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

### *Cash Collateral and Adequate Protection*

NOW, THEREFORE, BE IT, RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized and directed to seek approval of a cash collateral order in interim and final form (a "Cash Collateral Order"), and each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

*General*

NOW, THEREFORE, BE IT, RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action to: execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents; and pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken in the name and on behalf of the Company's wholly owned subsidiary, Midstates Petroleum Company LLC ("MPC LLC"), any and all such other and further action to carry out the intent and accomplish the purposes of the resolutions adopted herein as such purposes relate to both the Company and/or MPC LLC.

FURTHER RESOLVED, that all members of the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDSTATES PETROLEUM COMPANY, INC., | ) | Case No. 16-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    001-35512

2.   The following financial data is the latest available information and refers to the debtor's condition on December 31, 2015*

(a)   Total assets                                                                    $   679,167,000

(b)   Total debts (including debts listed in 2.c., below)     $   2,005,233,000

(c)   Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

(d)   Debt securities held by more than 500 holders

(e)   Debt securities held by more than 500 holders

Comments, if any:

3.   Brief description of debtor's business:    Oil, natural gas, and natural gas liquids exploration and production

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:**
First Reserve GP XII Ltd.; Riverstone Holdings LLC

* Total assets and total debts reflect the latest available information and are based solely on the debtor's book values.
** Based on publicly-available information.

**Fill in this information to identify the case:**

Debtor name    **Midstates Petroleum Company, Inc., _et al._**

United States Bankruptcy Court for the:    **Southern**    District of    **Texas**

Case number (If known): _____

   ☐   Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders     12/15

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an _insider_, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NAME: WELLS FARGO BANK, NATIONAL ASSOCIATION ADDRESS: 750 N. SAINT PAUL PLACE, SUITE 1750 DALLAS, TX  75201 | NAME: WELLS FARGO BANK, NATIONAL ASSOCIATION TEL: 214-756-7430 EMAIL: PATRICK.GIORDANO@WELLSFARGO.COM FAX: 214-256-7401 | 2021 SENIOR NOTES | | | | $361,099,049.00 |
| 2 | NAME: WELLS FARGO BANK, NATIONAL ASSOCIATION ADDRESS: 750 N. SAINT PAUL PLACE, SUITE 1750 DALLAS, TX  75201 | NAME: WELLS FARGO BANK, NATIONAL ASSOCIATION TEL: 214-756-7430 EMAIL: PATRICK.GIORDANO@WELLSFARGO.COM FAX: 214-256-7401 | 2020 SENIOR NOTES | | | | $312,012,797.00 |
| 3 | NAME: FELDERHOFF BROTHERS DRILLING CO. ADDRESS: P.O. BOX 1299 GAINESVILLE, TX  76241 | NAME: FELDERHOFF BROTHERS DRILLING CO. TEL: 940-668-5100 EMAIL: SMAHONEY@COMPLETEPODUCTION.COM FAX: 281-372-3783 | TRADE | | | | $ 1,293,792.90 |
| 4 | NAME: COURSON OIL & GAS INC. ADDRESS: 1800 S. MAIN STREET PERRYTON, TX  79070 | NAME: COURSON OIL & GAS INC. TEL: 806-435-2910 EMAIL: TAMBRA@COG-NGA.COM FAX: 806-435-2540 | TRADE | | | | $   905,373.96 |
| 5 | NAME: JD RUSH CORPORATION ADDRESS: P.O. BOX 201381 DALLAS, TX  75320-1381 | NAME: JD RUSH CORPORATION TEL: 281-558-8004 EMAIL: FINANCE@JDRUSHCORP.COM FAX: 281-558-8044 | TRADE | | | | $   660,175.71 |
| 6 | NAME: MRC GLOBAL (US) INC. ADDRESS: 835 HILLCREST DRIVE CHARLESTON, WV  25311 | NAME: MRC GLOBAL (US) INC. TEL: 800-624-8603 EMAIL: - FAX: 304-455-1423 | TRADE | | | | $   636,619.59 |
| 7 | NAME: INTEGRITY DIRECTIONAL SERVICES LLC ADDRESS: 6701 CORPORATION PARKWAY SUITE 150 FORT WORTH, TX  76126 | NAME: INTEGRITY DIRECTIONAL SERVICES LLC TEL: 817-731-8881 EMAIL: TCFPAYMENTS@TRIUMPHCF.COM FAX: 817-731-8885 | TRADE | | | | $   537,417.04 |

---

[1]   This List of Creditors Who Have the 50 Largest Unsecured Claims is presented on a consolidated basis for each of the debtors, Midstates Petroleum Company, Inc. and Midstates Petroleum Company LLC.

Debtor  **Midstates Petroleum Company, Inc., *et al.***          Case Number (if known) _____
Name

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | NAME: MI SWACO ADDRESS: P.O. BOX 732135 DALLAS, TX  75373-2135 | NAME: MI SWACO TEL: 318-233-1714 EMAIL: - FAX: 832-295-2537 | TRADE | | | | $  517,827.93 |
| 9 | NAME: MARSAU ENTERPRISES, INC. ADDRESS: 1209 N. 30TH STREET ENID, OK  73701 | NAME: MARSAU ENTERPRISES, INC. TEL: 580-233-3910 EMAIL: - FAX: 580-233-3942 | TRADE | | | | $  502,389.00 |
| 10 | NAME: FTS INTERNATIONAL, INC. ADDRESS: 777 MAIN STREET, SUITE 2900 FORT WORTH, TX  76102 | NAME: FTS INTERNATIONAL, INC. TEL: 817-862-2000 EMAIL: SALES@FTSI.COM FAX: 405-767-1288 | TRADE | | | | $  412,033.79 |
| 11 | NAME: WEATHERFORD U.S., L.P. ADDRESS: P.O. BOX 301003 DALLAS, TX  75303-1003 | NAME: WEATHERFORD U.S., L.P. TEL: 985-223-2166 EMAIL: - FAX: 713-693-4300 | TRADE | | | | $  404,111.96 |
| 12 | NAME: GLOBAL VESSEL & TANK, LLC ADDRESS: P.O. BOX 3307 LAFAYETTE, LA  70502 | NAME: GLOBAL VESSEL & TANK, LLC TEL: 337-365-4911 EMAIL: - FAX: 337-534-8927 | TRADE | | | | $  399,025.88 |
| 13 | NAME: CASEDHOLE SOLUTIONS ADDRESS: 1720 N. AIRPORT ROAD (P.O. BOX 267) WEATHERFORD, OK  73096 | NAME: CASEDHOLE SOLUTIONS TEL: 580-772-3100 EMAIL: PTHARP@CASEDHOLE-SOLUTIONS.COM FAX: 701-572-4190 | TRADE | | | | $  280,800.00 |
| 14 | NAME: SMITH ENERGY SERVICES, INC. ADDRESS: DEPT. # 999235 P.O. BOX 4896 HOUSTON, TX  77210-4896 | NAME: SMITH ENERGY SERVICES, INC. TEL: 903-291-3711 EMAIL: SANDREWS@SERSI.COM FAX: 903-693-2372 | TRADE | | | | $  255,225.27 |
| 15 | NAME: RED DIAMOND ENERGY SERVICES INC. ADDRESS: 3210 W. BROADWAY STREET SWEETWATER, TX  79556 | NAME: RED DIAMOND ENERGY SERVICES INC. TEL: 325-235-0053 EMAIL: BSTREET@REDDIAMONDENERGY.NET FAX: 325-698-0055 | TRADE | | | | $  251,854.04 |
| 16 | NAME: GAJESKE, INC. ADDRESS: 6200 N. HOUSTON ROSSLYNN ROAD HOUSTON, TX  77091 | NAME: GAJESKE, INC. TEL: 713-688-2728 EMAIL: - FAX: 713-688-5858 | TRADE | | | | $  239,098.00 |
| 17 | NAME: BYRD OILFIELD SERVICE LLC ADDRESS: P.O. BOX 7269 ABILENE, TX  79608 | NAME: BYRD OILFIELD SERVICE LLC TEL: 325-690-0053 EMAIL: ACCOUNTSRECEIVABLE@BYRDOILFIELD.COM FAX: 325-698-0055 | TRADE | | | | $  225,803.78 |
| 18 | NAME: SIMONS PETROLEUM, LLC ADDRESS: P.O. BOX 676686 DALLAS, OK  75267 | NAME: SIMONS PETROLEUM, LLC TEL: 405-551-2321 EMAIL: - FAX: 405-848-3508 | TRADE | | | | $  215,903.73 |
| 19 | NAME: HARMON'S ELECTRIC INC. ADDRESS: P.O. BOX 138 RINGWOOD, OK  73768 | NAME: HARMON'S ELECTRIC INC. TEL: 580-753-4232 EMAIL: CHELSEY.WILLIAMS@HARMONSELEC.COM FAX: 580-753-4464 | TRADE | | | | $  208,540.49 |
| 20 | NAME: CHESAPEAKE OPERATING, INC. ADDRESS: P.O. BOX 18496 OKLAHOMA CITY, OK  73154-0496 | NAME: CHESAPEAKE OPERATING, INC. TEL: 877-245-1427 EMAIL: REVENUE.DETAILS@CHK.COM FAX: 405-849-0004 | TRADE | | | | $  202,019.96 |
| 21 | NAME: PERFORMANCE WELLHEAD&FRAC COMPONENT ADDRESS: 8505 JACKRABBIT ROAD, SUITE A HOUSTON, TX  77095 | NAME: PERFORMANCE WELLHEAD&FRAC COMPONENT TEL: 281-200-2330 EMAIL: ACCOUNTSRECEIVABLE@PWFRAC.COM FAX:  580-256-2825 | TRADE | | | | $  176,305.85 |

Debtor **Midstates Petroleum Company, Inc., _et al._**          Case Number (if known) _____
Name

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | NAME: O-TEX PUMPING, LLC ADDRESS: 7303 N. HIGHWAY 81 DUNCAN, OK  73533 | NAME: O-TEX PUMPING, LLC TEL: 580-255-3111 EMAIL: LORI.BARTLING@OTEXPUMPING.COM FAX: 405-665-1982 | TRADE | | | | $   157,433.94 |
| 23 | NAME: WESTERN HOT OIL SERVICE INC. ADDRESS: 501 N. MAIN STREET PERRYTON, TX  79070 | NAME: WESTERN HOT OIL SERVICE INC. TEL: 806-435-5308 EMAIL: DENISSA@WESTERNHOTOIL.COM FAX: 806-435-4398 | TRADE | | | | $   147,428.92 |
| 24 | NAME: CRALL PRODUCTS COMPANY ADDRESS: P.O. BOX 1640 2930 HIGHWAY 152 WEST PAMPA, TX  74103 | NAME: CRALL PRODUCTS COMPANY TEL: 806-665-8446 EMAIL: MIKEPRICE@CRALLPRODUCTS.COM FAX: 806-665-9736 | TRADE | | | | $   145,595.42 |
| 25 | NAME: PEAK COMPLETIONS TECHNOLOGIES INC. ADDRESS: 700 LOUISIANA STREET HOUSTON, TX  77002 | NAME: PEAK COMPLETIONS TECHNOLOGIES INC. TEL: 432-684-4155 EMAIL: LESLIE.CHAPPELL@PEAKCOMPLETIONS.COM FAX: 432-684-4161 | TRADE | | | | $   145,453.46 |
| 26 | NAME: FUSION INDUSTRIES, LLC ADDRESS: P.O. BOX 3131 OKLAHOMA CITY, OK  73101-3131 | NAME: FUSION INDUSTRIES, LLC TEL: 405-613-5621 EMAIL: ESOMMERHAUSER@FUSION-IND.COM FAX: 239-415-1970 | TRADE | | | | $   141,098.32 |
| 27 | NAME: IHS GLOBAL INC. ADDRESS: 1401 ENCLAVE PARKWAY, SUITE 500 HOUSTON, TX  77077 | NAME: IHS GLOBAL INC. TEL: 800-645-3282 EMAIL: REMITTANCEADVICE@IHS.COM FAX: 281-531-9966 | TRADE | | | | $   139,710.00 |
| 28 | NAME: SHORENSTEIN REALTY SERVICES, L.P. ADDRESS: SRI NINE FIVE POP LP P.O. BOX 841732 LOCKBOX# 841732 DALLAS, TX  75284 | NAME: SHORENSTEIN REALTY SERVICES, L.P. TEL: 713-623-2705 EMAIL: - FAX: 713-623-6171 | TRADE | | | | $   135,216.92 |
| 29 | NAME: DIRECTIONAL FLUID DISPOSALS ADDRESS: 6801 CAMILLE AVENUE OKLAHOMA CITY, OK  73149 | NAME: DIRECTIONAL FLUID DISPOSALS TEL: 405-609-3962 EMAIL: MICHELLEGRIFFIN@DIRECTIONALFLUID DISPOSALS.COM FAX: 405-609-3963 | TRADE | | | | $   128,635.89 |
| 30 | NAME: TETRA TECHNOLOGIES, INC. ADDRESS: 24955 INTERSTATE 45 NORTH THE WOODLANDS, TX  77380 | NAME: TETRA TECHNOLOGIES, INC. TEL: 281-367-1983 EMAIL: VKISS@TETRATEC.COM FAX: 281-364-4311 | TRADE | | | | $   128,037.80 |
| 31 | NAME: BLACK DIAMOND OILFIELD RENTALS LLC ADDRESS: 800 NORTHPARK CENTRAL DRIVE, SUITE 200 HOUSTON, TX  77073 | NAME: BLACK DIAMOND OILFIELD RENTALS LLC TEL: 281-443-0062 EMAIL: MREYES@BDOILFIELD.COM FAX: 281-869-0705 | TRADE | | | | $   125,820.04 |
| 32 | NAME: ODESSA PUMPS & EQUIPMENT, INC. ADDRESS: P.O. BOX 60429 MIDLAND, TX  79711-0429 | NAME: ODESSA PUMPS & EQUIPMENT, INC. TEL: 806-622-9955 EMAIL: - FAX:  432-333-2841 | TRADE | | | | $   125,330.65 |
| 33 | NAME: F&S TRUCKING, INC. ADDRESS: P.O. BOX 986 ALVA, OK  73717 | NAME: F&S TRUCKING, INC. TEL: 432-332-9507 EMAIL: ARELYN_AR@FSTRUCKINGINC.COM FAX: 432-580-9123 | TRADE | | | | $   115,170.02 |
| 34 | NAME: EDGE SERVICES, INC. ADDRESS: P.O. BOX 609 WOODWARD, OK  73802 | NAME: EDGE SERVICES, INC. TEL: 580-254-3216 EMAIL: TWEDER@EDGEDRILLSERVICES.COM FAX: 205-278-6911 | TRADE | | | | $   114,057.60 |

Debtor   **Midstates Petroleum Company, Inc.,** *et al.*   Case Number (if known) _____
Name

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 35 | NAME: ULTERRA DRILLING TECHNOLOGIES, INC. ADDRESS: P.O. BOX 844488 DALLAS, TX  75284-4488 | NAME: ULTERRA DRILLING TECHNOLOGIES, INC. TEL: 817-293-7555 EMAIL: INFO@ULTERRA.COM FAX: 817-293-3797 | TRADE | | | | $   113,852.52 |
| 36 | NAME: CIRCLE V ENERGY SERVICES LLC ADDRESS: 1000 E. YOST ROAD GLENCOE, OK  74032 | NAME: CIRCLE V ENERGY SERVICES LLC TEL: 408-227-7198 EMAIL: MVALENCIA@AEROFUND.COM FAX: 580-871-2244 | TRADE | | | | $   111,124.08 |
| 37 | NAME: GULF COAST TMC, LLC ADDRESS: 7670 HIGHWAY 10 ETHEL, LA  70730 | NAME: GULF COAST TMC, LLC TEL: 225-683-6636 EMAIL: MPORTA@GULFCOASTTMC.COM FAX: 225-683-6652 | TRADE | | | | $   110,939.55 |
| 38 | NAME: ANADARKO DOZER & TRUCKING ADDRESS: P.O. BOX 2579 ELK CITY, OK  73648 | NAME: ANADARKO DOZER & TRUCKING TEL: 580-243-0466 EMAIL: - FAX: 580-243-0472 | TRADE | | | | $   107,687.43 |
| 39 | NAME: WILD WELL CONTROL, INC. ADDRESS: P.O. BOX 62600, DEPT. 1261 NEW ORLEANS, LA  70162-2600 | NAME: WILD WELL CONTROL, INC. TEL: 281-784-4700 EMAIL: - FAX: 281-784-4750 | TRADE | | | | $   107,343.17 |
| 40 | NAME: CRAIN ENERGY SERVICES ADDRESS: P.O. BOX 1662 DURRANT, OK  74702 | NAME: CRAIN ENERGY SERVICES TEL: 580-920-0878 EMAIL: AMANDA@TEXOMAMFG.COM FAX: 580-920-0050 | TRADE | | | | $   104,934.34 |
| 41 | NAME: AXIP ENERGY SERVICES LP ADDRESS: FULBRIGHT TOWER 1301 MCKINNEY, SUITE 900 HOUSTON, TX  77010 | NAME: AXIP ENERGY SERVICES LP TEL: 832-294-6500 EMAIL: - FAX: 713-744-6101 | TRADE | | | | $   102,564.59 |
| 42 | NAME: OCHILTREE APPRAISAL DISTRICT ADDRESS: 825 S. MAIN, SUITE 100 PERRYTON, TX  79070 | NAME: OCHILTREE APPRAISAL DISTRICT TEL: 806-435-9623 EMAIL: - FAX: 806-435-4198 | TRADE | | | | $   102,252.01 |
| 43 | NAME: SERVICE COMPRESSION LLC ADDRESS: 2613 CO-OP DRIVE VAN BUREN, AR  72956 | NAME: SERVICE COMPRESSION LLC TEL: 479-474-5228 EMAIL: SMOORE@SERVICECOMPRESSION.COM FAX: 479-474-5288 | TRADE | | | | $   100,944.92 |
| 44 | NAME: SCHLUMBERGER TECHNOLOGY CORPORATION ADDRESS: E&P WIRELINE SERVICES P.O. BOX 201193 HOUSTON, TX  77216-1193 | NAME: SCHLUMBERGER TECHNOLOGY CORPORATION TEL: 281-285-1963 EMAIL: INFO@BDOILFIELD.COM FAX: 281-285-8715 | TRADE | | | | $   99,702.08 |
| 45 | NAME: DIXIE ELECTRIC, LLC ADDRESS: 701 TRADEWINDS BOULEVARD MIDLAND, TX  79706 | NAME: DIXIE ELECTRIC, LLC TEL: 432-523-3530 EMAIL: - FAX: 905-879-0532 | TRADE | | | | $   98,087.23 |
| 46 | NAME: SANDRIDGE EXPLORATION ADDRESS: 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK  73102 | NAME: SANDRIDGE EXPLORATION TEL: 405-753-5500 EMAIL: REVENUE@SANDRIDGEENERGY.COM FAX: 405-429-5977 | TRADE | | | | $   92,758.01 |
| 47 | NAME: ALBERT BOUZIDEN TRUST ADDRESS: P.O. BOX 211 ALVA, OK  73717 | NAME: ALBERT BOUZIDEN TRUST TEL: 580-327-2506 EMAIL: BICKERSTAFF.CPA@ATT.NET FAX: - | TRADE | | | | $   92,052.40 |
| 48 | NAME: MILFORD PIPE & SUPPLY INC. ADDRESS: 7607 W. INDUSTRIAL AVENUE MIDLAND, TX  79706 | NAME: MILFORD PIPE & SUPPLY INC. TEL: 432-563-3332 EMAIL: - FAX: 432-563-3340 | TRADE | | | | $   90,020.08 |
| 49 | NAME: STALLION OILFIELD SERVICES ADDRESS: P.O. BOX 1486 HOUSTON, TX  77024 | NAME: STALLION OILFIELD SERVICES TEL: 713-275-4895 EMAIL: - FAX: 432-687-3773 | TRADE | | | | $   87,987.14 |

Debtor   **Midstates Petroleum Company, Inc., *et al.***                     Case Number (if known) _____
_____Name_____

| | Name of creditor and complete mailing address, including zipcode[1] | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 50 | NAME:  MULTI-SHOT LLC<br>ADDRESS:  P.O. BOX 201567<br>DALLAS, TX 75320 | NAME:  MULTI-SHOT LLC<br>TEL:  936-442-2500<br>EMAIL: -<br>FAX:  936-442-2599 | TRADE | | | | $       85,299.50 |

Fill in this information to identify the case and this filing:

Debtor Name      **Midstates Petroleum Company, Inc.**

United States Bankruptcy Court for the:    **Southern**                   District of **Texas**
                                                                                     (State)

Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

- ☐ *Schedule H: Codebtors (Official Form 206H)*

- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

- ☐ Amended Schedule

- ☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **4/30/2016** | */s/ Nelson M. Haight* |
| MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Nelson M. Haight** |
| | Printed name |
| | **Executive Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDSTATES PETROLEUM COMPANY, INC. | ) | Case No. 16-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Midstates Petroleum Company, Inc. | First Reserve GP XII Ltd. | One Lafayette Place Third Floor Greenwich, CT 06830 | 25.1% |
| | Riverstone Holdings LLC | 712 Fifth Avenue 36th Floor New York, NY 10019 | 18.2% |

---

[1] This list reflects holders of five percent or more of Midstates Petroleum Company, Inc.'s common stock and serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.

Fill in this information to identify the case and this filing:

Debtor Name  **Midstates Petroleum Company, Inc.**

United States Bankruptcy Court for the: **Southern**          District of **Texas**
                                                                                    (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **4/30/2016** | **/s/ Nelson M. Haight** |
| MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Nelson M. Haight** |
| | Printed name |
| | **Executive Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| MIDSTATES PETROLEUM COMPANY, INC. | ) Case No. 16-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| First Reserve GP XII Ltd. | 25.1% |
| Riverstone Holdings LLC | 18.2% |

Fill in this information to identify the case and this filing:

Debtor Name **Midstates Petroleum Company, Inc.**

United States Bankruptcy Court for the: **Southern**      District of **Texas**
                                                       (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **4/30/2016** | **/s/ Nelson M. Haight** |
| MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Nelson M. Haight** |
| | Printed name |
| | **Executive Vice President and Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202      **Declaration Under Penalty of Perjury for Non-Individual Debtors**