**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| MIDSTATES PETROLEUM COMPANY, INC., | § § | Case No. 16-32237 |
| Debtor. | § § | |
| Tax I.D. No. 45-3691816 | § § | |
| In re: | § § | Chapter 11 |
| MIDSTATES PETROLEUM COMPANY LLC, | § § | Case No. 16-32238 |
| Debtor. | § § § | (Joint Administration Requested) (Emergency Hearing Requested) |
| Tax I.D. No. 26-3162434 | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER FOR MAY 2, 2016, AT 3:30 P.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (together, the "Debtors") respectfully state the following in support of this motion (this "Motion").

KE 40671980

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, directing procedural consolidation and joint administration of their related chapter 11 cases.  The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Midstates Petroleum Company, Inc. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434).  The debtors' service address is:  321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

2.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of the Debtor Midstates Petroleum Company LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Midstates Petroleum Company, Inc., Case No. 16-32237; and Midstates Petroleum Company LLC, Case No. 16-32238.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-32237 (DRJ).**

2

**Jurisdiction, Venue, and Procedural Background**

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Nelson M. Haight in Support of Chapter 11 Petitions and First Day Motions*, filed contemporaneously with this Motion.

**Basis for Relief**

7. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced the above-captioned chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

8. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many

3

of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

9. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

10. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases could disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

11.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) the indenture trustee for the Debtors' second lien notes; (e) the indenture trustee for the Debtors' third lien notes; (f) counsel to the ad hoc groups of holders of claims specified in clauses (d) and (e); (g) the indenture trustees for the Debtors' senior unsecured notes due 2020 and 2021; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

**No Prior Request**

12.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Houston, Texas<br>Dated: April 30, 2016 | */s/ Patricia B. Tomasco*<br>Patricia B. Tomasco (TX Bar No. 01797600)<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Jennifer F. Wertz (TX Bar No. 24072822)<br>**JACKSON WALKER L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone: (713) 752-4200<br>Facsimile: (713) 752-4221<br>Email: ptomasco@jw.com<br>mcavenaugh@jw.com<br>jwertz@jw.com |

-and-

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
joshua.sussberg@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
William A. Guerrieri (*pro hac vice* admission pending)
Jason Gott (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
Email: will.guerrieri@kirkland.com
Email: jason.gott@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

       I certify that on April 30, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*
One of Counsel