IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (together, the "<u>Debtors</u>") respectfully state the following in support of this motion (this "<u>Motion</u>").

### Relief Requested

1.   The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), authorizing the retention and compensation of professionals utilized in the ordinary course of the Debtors' businesses (collectively, the "<u>Ordinary Course

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434).  The debtors' service address is:  321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

Professionals"), *nunc pro tunc* to the Petition Date, or such later date as applicable, without the necessity of submitting formal retention or fee applications for each individual professional.

**Jurisdiction, Venue, and Procedural Background**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 345, 363, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

4. On April 30, 2016 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Nelson M. Haight in Support of Chapter 11 Petitions and First Day Motions*, filed contemporaneously with this Motion.

**The Ordinary Course Professionals**

4. The Debtors seek to employ the Ordinary Course Professionals to render services that are essential to the Debtors' business operations and, accordingly, to the Debtors' restructuring efforts. These services may include accounting, tax, engineering, geological, technical, financial, legal, and consulting services. The services rendered by the Ordinary Course Professionals employed during the pendency of these chapter 11 cases are necessary to the day-to-day operations of the Debtors' businesses. A non-exhaustive list of Ordinary Course

Professionals as of the Petition Date is attached hereto as **Exhibit B**.[2] In the event that amendments or supplements to the list of Ordinary Course Professionals are necessary, the Debtors shall file a supplemental list with the Court and serve it upon the master service list.

5. In light of the time and expense associated with the preparation of separate retention and fee applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to prepare such individual applications for each Ordinary Course Professional. Moreover, individual retention and fee applications would unnecessarily burden the Court and the U.S. Trustee, while adding to the administrative costs of these chapter 11 cases without a corresponding benefit to the Debtors' estates. Therefore, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications with respect to each Ordinary Course Professional.

## Compensation Procedures

6. The Debtors propose the following procedures for the retention and compensation of the Ordinary Course Professionals:

(a) The Debtors shall file a declaration of disinterestedness (a "Declaration"), substantially in the form attached as **Exhibit 1** to the Order, on behalf of each Ordinary Course Professional that the Debtors seek to employ, certifying that the professional does not hold any interest adverse to the Debtors or their estates with respect to the matters on which the professional is sought to be employed, prior to paying any fees to the Ordinary Course Professional.

(b) The Debtors shall serve copies of the Declarations on (i) the U.S. Trustee, (ii) the administrative agent under the Debtors' first lien credit facility, (iii) the indenture trustee for the Debtors' second lien notes, (iv) the indenture trustee for the Debtors' third lien notes; (v) counsel to the ad hoc committees of holders of claims specified in clauses (iii) and (iv); and (vi) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases (if any) (collectively, the "Reviewing Parties").

---

[2] The Debtors reserve the right to retain additional Ordinary Course Professionals during these cases, as the need arises, and seek authorization from the Court to supplement this list of professionals from time to time.

3

(c) The Reviewing Parties shall have fourteen (14) days after service of the Declaration (the "Objection Deadline") to notify the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional, in writing of any objection to the retention, employment, or compensation of the Ordinary Course Professional.

(d) If no objections are asserted by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing or further order of the Court. If an objection is asserted by the Objection Deadline and such objection cannot be resolved, the Debtors shall schedule the matter for hearing before the Court.

(e) Subject to the objection procedures described above, the Debtors are authorized and empowered to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner and in the full amount billed by each such Ordinary Course Professional, upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), up to $150,000 per month, on average, over each rolling three-month period (the "Monthly Cap"), and $450,000 for the entire period in which these chapter 11 cases are pending (the "Aggregate Cap" and together with the Monthly Cap, the "OCP Caps").

(f) Unless this Court orders otherwise, in the event that an Ordinary Course Professional seeks payment in excess of an OCP Cap, such Ordinary Course Professional shall file (i) a separate application to be retained as a professional pursuant to section 327 or 328 of the Bankruptcy Code and (ii) a fee application, to be heard on notice, for the full amount of its fees and expenses in these chapter 11 cases, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines promulgated by the Office of the United States Trustee (the "U.S. Trustee Guidelines"), and all orders of this Court.

(g) During the pendency of these chapter 11 cases, within thirty (30) days after the end of any quarter, the Debtors will file a statement reflecting the fees and expenses paid to each Ordinary Course Professional for the preceding quarter (each, a "Quarterly Statement") with the Court and serve copies of the Quarterly Statement on the Reviewing Parties; *provided* that the initial quarter shall be the Petition Date through June 30, 2016.

7. The foregoing proposed ordinary course retention and compensation procedures shall not apply to those professionals for whom the Debtors filed (or will file) separate

4

applications for approval of employment, such as the Debtors' proposed bankruptcy counsel and/or financial restructuring advisors.

## Basis for Relief

8.      Retention of the Ordinary Course Professionals, many of whom were engaged by the Debtors prior to the Petition Date and are already familiar with the Debtors' affairs, is essential and should be authorized to avoid any disruption in the Debtors' day-to-day business operations.  While certain of the Ordinary Course Professionals may wish to continue to represent the Debtors on an ongoing basis, they may be unwilling to do so if the Debtors cannot pay them on a regular basis.  Loss of the expertise and background knowledge of any of these Ordinary Course Professionals would undoubtedly cause the Debtors to incur additional and unnecessary expenses in retaining and familiarizing other professionals.  Therefore, it is in the best interests of the Debtors' estates, their creditors, and all parties in interest that the Debtors avoid any disruption in the professional services required in the day-to-day operation of their businesses.

9.      Moreover, the relief requested herein will save the Debtors' estates the substantial expense associated with applying separately for the employment of each Ordinary Course Professional.  Specifically, granting the requested relief will avoid the incurrence of additional fees pertaining to preparing and prosecuting individual retention and interim fee applications for each Ordinary Course Professional.  In addition, the procedures outlined above will relieve the Court, the U.S. Trustee, and any other interested parties of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.  Furthermore, the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases, but rather will provide services in connection with the Debtors' ongoing business operations. Accordingly, the Debtors do not believe that the Ordinary Course Professionals are

5

"professionals," as the term is used in section 327(a) of the Bankruptcy Code, whose retention must be approved by the Court. *See, e.g.*, *In re Cyrus II P'ship*, No. 05-39857 (MI), 2008 WL 3003824, at *2 (Bankr. S.D. Tex. July 31, 2008).

10.  Other than the Ordinary Course Professionals, all attorneys and other professional persons, as referred to in sections 327(a) and 328(a) of the Bankruptcy Code, employed by the Debtors during these cases will be retained pursuant to separate retention applications, and compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Guidelines, and other orders of the Court.

11.  Retention of the Ordinary Course Professionals would benefit the Debtors and their estates because of such professionals' past relationships with, and understanding and knowledge of, the Debtors and their operations. Indeed, it is in the best interest of all creditors and parties in interest to avoid any disruption of services rendered by the Ordinary Course Professionals in connection with the day-to-day operations of the Debtors' businesses. Accordingly, the Debtors respectfully submit that the Court should grant this Motion and approve the procedures set forth herein.

12.  Similar retention and payment procedures with respect to ordinary course professionals have been approved in this district and others. *See, e.g.*, *In re Sherwin Alumina Company, LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Feb. 24, 2016) (approving a $50,000 monthly cap per professional not to exceed $150,000 for entire case); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Apr. 7, 2015) (approving a $40,000 monthly cap per professional not to exceed $250,000 for entire case); *In re Buccaneer Res., LLC*, No. 14-60041 (DRJ) (Bankr. S.D. Tex. July 16, 2014) (approving a $20,000 monthly cap per professional not

6

KE 41419441

to exceed $100,000 for entire case); *In re Autoseis, Inc.*, No. 14-20130 (RSS) (Bankr. S.D. Tex. May 20, 2014) (approving a $40,000 monthly cap per professional not to exceed $200,000 for entire case); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI) (Bankr. S.D. Tex. Sept. 27, 2012) (approving a $50,000 monthly cap per professional not to exceed $500,000 for entire case).[3]

## Notice

13.    The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) the indenture trustee for the Debtors' second lien notes; (e) the indenture trustee for the Debtors' third lien notes; (f) counsel to the ad hoc committees of holders of claims specified in clauses (d) and (e); (g) the indenture trustees for the Debtors' senior unsecured notes due 2020 and 2021; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the state attorneys general for states in which the Debtors conduct business; (m) the Ordinary Course Professionals listed on **Exhibit B**; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## No Prior Request

14.    No prior request for the relief sought in this Motion has been made to this or any other court.

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

7

KE 41419441

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein, and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Houston, Texas<br>Dated:  May 1, 2016 | */s/ Patricia B. Tomasco*<br>Patricia B. Tomasco (TX Bar No. 01797600)<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Jennifer F. Wertz (TX Bar No. 24072822)<br>**JACKSON WALKER L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone:  (713) 752-4200<br>Facsimile:  (713) 752-4221<br>Email:  ptomasco@jw.com<br>            mcavenaugh@jw.com<br>            jwertz@jw.com |

-and-

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
            joshua.sussberg@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
William A. Guerrieri (*pro hac vice* admission pending)
Jason Gott (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
Email:  will.guerrieri@kirkland.com
Email:  jason.gott@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

      I certify that on May 1, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                           /s/ *Patricia B. Tomasco*
                                                                           One of Counsel