

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
05/02/2016

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |
| | § | Re:  Docket No. __ |

## FINAL ORDER APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK
(Docket No. 10)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (together, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Procedures related to transfers of Common Stock, and (b) directing that any purchase, sale, other transfer, or declaration of worthlessness with respect to, of Common Stock in violation of the Procedures shall be null and void *ab initio*, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434).  The debtors' service address is:  321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Procedures, as set forth in **<u>Exhibit 1</u>** attached j gtgvq.

are approved on a final basis.

3.      Any transfer of Beneficial Ownership of, or declaration of worthlessness with respect to, Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*, and the person or entity making such transfer or declaration shall be required to take such steps as the court determines are necessary in order to be consistent with such transfer or declaration being null and void *ab initio*.

4.      The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

5.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Final Order shall govern.

6.      The requirements set forth in this Final Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Signed:  May 02, 2016.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

EXHIBIT 1

## PROCEDURES FOR TRANSFERS OF COMMON STOCK

The following procedures apply to transfers of Common Stock:[1]

a.   Any person or entity who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, Midstates Petroleum Company, Inc., 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103, Attn.: Nelson M. Haight and Scott Weatherholt; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn. William A. Guerrieri and Jason Gott; (iii) counsel to any statutory committee appointed in these cases; (iv) counsel to the ad hoc committee of second lien noteholders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Brian Resnick and Natasha Tsiouris; (v) Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002; and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to the Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) 30 calendar days after the date of the Notice of Interim Order (as defined herein), or (B) 10 calendar days after becoming a Substantial Shareholder.

b.   Prior to effectuating any transfer of Beneficial Ownership (as defined below) of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

d. The Debtors shall have 15 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 15-day waiting period for each Declaration of Proposed Transfer.

e. For purposes of these Procedures:  (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 491,272 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock)[2]; (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

---

[2]  Based on approximately 10,917,155 shares of Common Stock outstanding as of the Petition Date.

## PROCEDURES FOR DEDUCTIONS OF
## <u>WORTHLESSNESS OF THE COMMON STOCK</u>

The following procedures apply for any deductions of worthlessness of the common stock:

a.  Any person or entity that currently is or becomes a 50% Shareholder (as defined below) must file with the Court, and serve the Notice Parties, a notice of such status, in the form of **Exhibit 1D** attached to the Procedures, on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order and (ii) 10 calendar days after becoming a 50% Shareholder.

b.  Prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon the Notice Parties, an advance written notice in the form of **Exhibit 1E** attached to the Procedures (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

c.  The Debtors will have 15 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 15-day period, and while any objection by the Debtors to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 15-day period, the filing of the tax return with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

d.  For purposes of these Procedures, a "<u>50% Shareholder</u>" is any person or entity that at any time since December 31, 2012, has owned 50% or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations).

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a. No later than two business days following entry of the Interim Order, the Debtors shall serve by overnight mail, postage prepaid a notice, substantially in the form of **Exhibit 1F** attached to these Procedures (the "Notice of Interim Order"), on:  (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) counsel to the ad hoc committee of second lien noteholders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Brian Resnick and Natasha Tsiouris; and (vii) all registered holders and nominee holders of Common Stock;  Additionally, no later than two business days following entry of the final order, the Debtors shall serve a Notice of Interim Order modified to reflect that the final order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b. All registered holders and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered holder or nominee holder holds such Common Stock in excess of 491,272 shares of Common Stock down the chain of ownership for all such holders of Common Stock in excess of such amount.

c. Any entity or broker or agent acting on such entity's or individual's behalf who sells in excess of 491,272 shares of Common Stock (approximately 4.5% of all issued and outstanding shares of Common Stock) to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, as applicable, or any broker or agent acting on such purchaser's behalf.

d. As soon as is practicable following entry of the interim order, the Debtors shall (i) submit a copy of the Notice of Interim Order (modified for publication) for publication in the *Wall Street Journal* (national edition) and (ii) submit a copy of the Notice of Interim Order (modified for publication) to Bloomberg Professional Service for potential publication by Bloomberg.

e. To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors *shall not* be in redacted form.  The Debtors shall

keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

[*Remainder of page intentionally left blank*]

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the common stock of Midstates Petroleum Company, Inc. or of any Beneficial Ownership therein (the "Common Stock").  Midstates Petroleum Company, Inc. is a debtor and debtor in possession in Case No. 16-32237 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2016, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434).  The debtors' service address is:  321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 491,272 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock based on approximately 10,917,155 shares of Common Stock outstanding); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim*/*Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

       (City)         (State)

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | § Chapter 11 |
|  | § |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § Case No. 16-32237 (DRJ) |
|  | § |
| Debtors. | § (Joint Administration Requested) |
|  | § |

## DECLARATION OF INTENT TO
## ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of common stock of Midstates Petroleum Company, Inc. or of any Beneficial Ownership therein (the "Common Stock"). Midstates Petroleum Company, Inc. is a debtor and debtor in possession in Case No. 16-32237 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 491,272 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock based on approximately 10,917,155 shares of Common Stock outstanding); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2016, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 15-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
   (City)         (State)

3

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock of Midstates Petroleum Company, Inc. or of any Beneficial Ownership therein (the "Common Stock"). Midstates Petroleum Company, Inc. is a debtor and debtor in possession in Case No. 16-32237 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2]   For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 491,272 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock based on approximately 10,917,155 shares of Common Stock outstanding); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2016, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim*/*Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

2

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 15-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

    (City)        (State)

## **Exhibit 1D**

**Declaration of Status as 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50% Shareholder with respect to the common stock of Midstates Petroleum Company, Inc. or of any Beneficial Ownership therein (the "Common Stock"). Midstates Petroleum Company, Inc. is a debtor and debtor in possession in Case No. 16-32237 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2016, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2] For purposes of this Declaration: (i) a "50% Shareholder" is any person or entity that at any time since December 31, 2012, has owned 50% or more of the Common Stock (determined in accordance with section § 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended (the "IRC"), and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

following table sets forth dates(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim*/*Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50% Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
     (City)       (State)

## <u>Exhibit 1E</u>

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to one or more shares of common stock of Midstates Petroleum Company, Inc. or of any Beneficial Ownership therein (the "Common Stock"). Midstates Petroleum Company, Inc. is a debtor and debtor in possession in Case No. 16-32237 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2] For purposes of this Declaration: (i) a "50% Shareholder" is any person or entity that at any time since December 31, 2012, has owned 50% or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended (the "IRC"), and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations thereunder (other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2016, the undersigned party filed a declaration of status as a 50% Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors, Kirkland & Ellis LLP, proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 15 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes nonappealable.  If the Debtors do not object within such 15-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

2

**PLEASE TAKE FURTHER NOTICE** that further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating, or selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

    (City)       (State)

**<u>Exhibit 1F</u>**

**Notice of Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

**NOTICE OF (I) DISCLOSURE PROCEDURES APPLICABLE TO CERTAIN HOLDERS OF COMMON STOCK , (II) DISCLOSURE PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK, AND (III) FINAL HEARING ON THE APPLICATION THEREOF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OF MIDSTATES PETROLEUM COMPANY, INC. (THE "COMMON STOCK"):**

**PLEASE TAKE NOTICE** that on April 30, 2016 (the "Petition Date"), the above-captioned debtors and debtors in possession (together, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. __].

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434).  The debtors' service address is:  321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

PLEASE TAKE FURTHER NOTICE that on [_____], 2016, the Court entered the *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to] Common Stock* [Docket No. __] (the "Order") approving procedures for certain transfers of, and declaration of worthlessness with respect to, Common Stock, set forth in **Exhibit 1** attached to the Order (the "Procedures").[2]

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, a 50% Shareholder may not claim a worthless stock deduction in respect of the Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such deduction in violation of such Procedures shall be null and void *ab initio*.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

PLEASE TAKE FURTHER NOTICE that upon the request of any entity, the proposed notice, solicitation, and claims agent for the Debtors, Kurtzman Carson Consultants LLC, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.txsb.uscourts.gov for a fee, or by accessing the Debtors' restructuring website at http://www.kccllc.net/midstates.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "Final Hearing") on the Motion shall be held on _____ __, 2016, at__:__ _.m., prevailing Central Time.  Any objections or responses to entry of the final order shall be filed on _____ __, 2016, at 4:00 p.m., prevailing Central Time, and served on the following parties: (a) proposed co-counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Edward O. Sassower, P.C. and Joshua A. Sussberg, P.C., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.:  William A. Guerrieri and Jason Gott; (b) proposed co-counsel for the Debtors, Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn.: Patricia Tomasco, Matthew Cavenaugh and Jennifer Wertz; (c) counsel to any statutory committee appointed in these cases; (d) counsel to the agent under the Debtors' prepetition first lien credit facility, Mayer Brown LLP, 700 Louisiana Street, #3600, Houston, Texas 77002, Attn:  Charles S. Kelly and Frederick D. Hyman; (e) counsel to the ad hoc committee of holders of the Debtors' second lien notes, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn:  Brian Resnick and Natasha Tsiouris; (f) counsel to the ad hoc committee of holders of the Debtors' second lien notes and third lien notes, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005, Attn:  Dennis Dunne and Tyson Lomazow; and (g) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO, COMMON STOCK, BENEFICIAL OWNERSHIP THEREIN, OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY DETERMINE.**

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

| Houston, Texas | /s/ |
|---|---|
| Dated: [_____], 2016 | Patricia B. Tomasco (TX Bar No. 01797600) |

Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:         ptomasco@jw.com
              mcavenaugh@jw.com
              jwertz@jw.com

-and-

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         edward.sassower@kirkland.com
              joshua.sussberg@kirkland.com

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
William A. Guerrieri (*pro hac vice* admission pending)
Jason Gott (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         james.sprayregen@kirkland.com
Email:         will.guerrieri@kirkland.com
Email:         jason.gott@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*