**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (collectively with attachments, the "**Schedules**") and the Statements of Financial Affairs (collectively with attachments, the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") filed by Midstates Petroleum Company, Inc., and its wholly-owned subsidiary, Midstates Petroleum Company LLC (together, "**Midstates**"), as debtors and debtors-in-possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), were prepared pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

The Schedules and Statements have been signed by Nelson M. Haight, Executive Vice President and Chief Financial Officer of the Debtors. Accordingly, in reviewing and signing the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Midstates Petroleum Company, Inc. (1816); and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston Avenue, Suite 1000, Tulsa, Oklahoma 74103.

Schedules and Statements, Mr. Haight necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors.  Mr. Haight has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

The Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements.  Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to each of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' other Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

1.     ***Description of Cases***.  On April 30, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only under *In re Midstates Petroleum Company, Inc., et al.*, Case No. 16-32237 (DRJ) (Bankr. S.D. Tex.).  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 12, 2016, the United States Trustee for the Southern District of Texas appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 136].

2.     ***"As Of" Information Date***.  To the best of the Debtors' knowledge, the asset information provided herein, except as expressly noted otherwise, represents the asset data of the Debtors as of April 30, 2016.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

3.     ***General Reservation of Rights***.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or

object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of (i) liability, or (ii) amounts due or owed, if any, by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.   ***Basis of Presentation***.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis, which were audited annually.  Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("**GAAP**").  Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully with any consolidated financial statements prepared by the Debtors.  Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

5.   ***Confidential or Sensitive Information***.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third-party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  In addition, the very existence of certain agreements is (by the terms of such agreements) confidential.  These agreements have been noted, however, as "Confidential" in the Schedules and Statements, where applicable.  The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtor or the applicable third-party.

6.   ***Causes of Action***.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any Claims or causes of action (including avoidance actions),

controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

7.  *Recharacterization*.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, interests, and other items reported in the Schedules and Statements.  Nevertheless, the Debtors may not have accurately characterized, classified, categorized, or designated certain items.  The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate.

8.  *Court Orders*.  Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition Claims of employees, royalty holders, potential lien holders and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and, therefore, generally are not listed in the Schedules and Statements.  Regardless of whether such Claims are listed in the Schedules and Statements, to the extent such Claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary or appropriate.

9.  *Liabilities*.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10.  *Excluded Assets and Liabilities*.  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements and certain accrued expenses.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage Claims exist.  In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

11.  *Property and Equipment*.  Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in

the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect thereto.

12. ***Estimates***.  To prepare and file the Schedules in accordance with the deadline established in these chapter 11 cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

13. ***Fiscal Year***.  Each Debtor's fiscal year ends on December 31.

14. ***Currency***.  All amounts are reflected in U.S. dollars.

15. ***Executory Contracts***.  All of the Debtors' executory contracts and unexpired leases are listed on Schedule G of Debtor Midstates Petroleum Company, LLC's Schedules and Statements for efficiency purposes.  Furthermore, this approach is consistent with management's efforts to have Midstates Petroleum Company, LLC be the signatory to all contracts and leases related to the operation of the Debtors' businesses.  However, it is possible that Debtor Midstates Petroleum Company, Inc. may be the signatory to certain executory contracts or unexpired leases listed herein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the any counterparty to such contract or lease.  Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

16. ***Leases.***  The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

17. ***Insiders***.  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider."  As to each Debtor, an individual or entity is designated as an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets.

The following individuals are insiders who have received compensation from the Debtors within one year before the Petition Date:  (a) Frederic (Jake) F. Brace, Interim President and Chief Executive Officer; (b) Nelson M. Haight, Executive Vice President and Chief

Financial Officer; (c) Mitchell G. Elkins, Executive Vice President - Operations; (d) Christopher G. Elkins, independent contractor and insider relative; (e) Scott C. Weatherholt, Vice President - General Counsel & Corporate Secretary, and Vice President – Land; (f) Amelia Kim Harding, Vice President - Human Resources & Administration; (g) Alan Carr, director; (h) Bruce Stover, director; (i) Robert E. Ogle, director; (j) Thomas Knudson, former director; (k) George DeMontrond, former director; (l) John Mogford, former director; (m) Kelly L. Walker, former Vice President - Human Resources & Administration; (n) Mark Edward Eck, former Executive Vice President and Chief Operating Officer; (o) Loren M. Leiker, former director; (p) Mary Ricciardello, former director; and (q) Dr. Peter J. Hill, former Interim President and Chief Executive Officer.

The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

18.     ***Totals***.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements.  To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

19.     ***Unliquidated Claim Amounts.***  Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated".

20.     ***Undetermined Amounts***.  The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

21.     ***Setoffs***.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers or vendors. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although the impact of such offsets and other similar rights may have been accounted for when certain net amounts were included in the Schedules, offsets are not independently accounted for, and as such, are not included separately in the Debtors' Schedules and Statements.

22.     ***Credits and Adjustments***.  The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

23.     ***Payments.***  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management

System") (as more fully described in the *Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to (I) Continue to Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, and (III) Maintain Existing Business Forms* [Docket No. 6]).  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.

24.     ***Guaranties and Other Secondary Liability Claims***.  The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "**Guaranties**") in their executory contracts, unexpired leases, debt instruments, and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties.   The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantor with respect to their financings and debt instruments on Schedule G.  The Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments, and similar agreements may exist and, to the extent they do, will be identified upon further review.  Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

25.     ***Consolidated Identification of Interests***.   As set forth above, the Schedules and Statements, in various instances, call for information that, if provided, would disclose the identities and personal contact information of certain individuals.  The Debtors elected to present such sensitive information as consolidated line items of similar interests.  The Debtors believe that producing information in this manner is necessary to both maintain valuable customer and vendor relationships and to protect the Debtors' propriety information.

26.     ***Mechanics Liens***.  The property and equipment listed in the Schedules are presented without consideration of any mechanics', materialman's or other similar liens. Such liens may apply, and the Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

27.     ***Global Notes Control***.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

28.     ***Schedule A/B. 3.***  The bank account balances are as of the Petition Date.

29.     ***Schedule A/B: 54-55***.  Real property is reported at book value, net of accumulated depreciation on buildings and improvements.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The

Debtors reserve all of their rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

All oil and gas leases are listed on Schedule A/B, regardless of whether such lease is considered an executory contract or an interest in real property in the relevant jurisdiction. The Debtors' listing of such leases and agreements on Schedule A/B is not indicative of whether the Debtors consider such leases and agreements unexpired leases or executory contracts.

Oil and gas leases are disclosed on Schedule A/B in various parts: the estimated market value of leases containing proved reserves, based on a PV-10 calculation from a reserve report with an effective date of March 31, 2016, is disclosed on a summary schedule, while schedules listing the leases, the wells, and rights of ways are attached as supporting information. The process of estimating reserves is very complex, requiring significant subjective decisions in the evaluation of all geological, engineering and economic data for each reservoir. The accuracy of a reserve estimate is a function of (i) the quality and quantity of available data, (ii) the interpretation of that data, (iii) the accuracy of various mandated economic assumptions, and (iv) the judgment of the persons preparing the estimate. The data for a given reservoir may change substantially over time as a result of numerous factors, including, without limitation, additional development activity, evolving production history, and continual reassessment of the viability of production under various economic conditions.

Certain of the leases reflected on Schedule A/B may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B.

The Debtors' failure to list any rights in real property on Schedule A/B should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

30.   ***Schedule D:***   Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the

characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien.  Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of another Debtor, and no claim set forth on Scheduled D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements

31.     ***Schedule E/F, Part 1:  Creditors Holding Priority Unsecured Claims***.  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.  All claims listed on the Debtors' Schedule E/F are claims arising from tax, wage or wage-related obligations to which the Debtors may potentially be liable.  Certain of such claims, however, may be subject to ongoing audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F.  Accordingly, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.  Additionally, as more fully set forth in the *Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, Reimbursable Expenses, and Director Obligations and (II) Continue Employee Benefits Programs* [Docket No. 11], claims against the Debtors on account of wage or wage-related obligations to independent contractors may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code.

32.     ***Schedule E/F, Part 2:  Creditors Holding Non-Priority Unsecured Claims.***

The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have attempted to relate all liabilities to each particular Debtor.  Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts.  The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F.  The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation may be unclear or undetermined.  To the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.  The amounts for these potential claims are listed as unknown and marked as contingent, unliquidated, and disputed in the Schedules.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

10

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

In addition, certain claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Additionally, as discussed in the *Motion to Authorize Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing the Payment of Mineral Payments and Working Interest Disbursements* [Docket No. 5] (the "Mineral Payment Motion"), the Debtors maintain certain "Suspended Funds." The Suspended Funds represent amounts on account of Mineral Payments and Working Interest Disbursements (each as defined in the Mineral Payment Motion) that are due but are otherwise unpayable for a variety of reasons, including incorrect contact information, unmarketable title, and ongoing disputes over ownership of the underlying interest. Subject to applicable laws, when and to the extent the Debtors are provided evidence or sufficient notice that the issue preventing payment of the Suspended Funds to the correct party is resolved, the Debtors release the applicable Suspended Funds in question. Accordingly, Schedule F lists the parties with potential interests in the Suspended Funds but deems their interest as "undetermined."

33.    ***Schedule G***.  While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for goods, supplies, product, services, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on

Schedule G.  To the extent that goods, supplies, or product were delivered or services performed under purchase orders before the Petition Date, vendors' claims with respect to such delivered goods, supplies, or product and performed services are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary.  The inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

Certain of the executory contracts and unexpired leases listed in Schedule G may have been assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.  The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G; however, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases.  Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Finally, each of the Debtors are party to a Plan Support Agreement with certain of their financial stakeholders (the "PSA").  The PSA is listed on each Debtor signatory's Schedule G.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | **David R. Jones** |

# STATEMENT OF FINANCIAL AFFAIRS FOR
# <u>MIDSTATES PETROLEUM COMPANY, INC. (CASE NO. 16-32237)</u>

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  Midstates Petroleum Company, Inc.  (1816); and Midstates Petroleum Company, LLC (2434).  The debtors' service address is:  321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

**Fill in this information to identify the case:**

Debtor Name: In re : Midstates Petroleum Company, Inc.

United States Bankruptcy Court for the: Southern District Of Texas

Case number (if known): 16-32237 (DRJ)

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1: Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to   Filing date | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

Debtor: Midstates Petroleum Company, Inc.

Name

Case number *(if known)*: 16-32237

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

|  |  |  |  | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to | Filing date | _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |

Debtor:  Midstates Petroleum Company, Inc.
_____
Name

Case number *(if known)*   16-32237
_____

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br>City        State        ZIP Code<br>_____<br>Country | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other  _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | _____<br>Insider's Name<br><br>_____<br>Street<br><br>_____<br>City        State        ZIP Code<br>_____<br>Country<br><br>**Relationship to Debtor**<br><br>_____ | _____ | $ _____ | |

Debtor:   Midstates Petroleum Company, Inc.
_____
Name

Case number *(if known)*:   16-32237
_____

**5.   Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country | | _____ | $ _____ |

**6.   Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country | <br><br>Last 4 digits of account number: XXXX– _____ | _____ | $ _____ |

Debtor:   Midstates Petroleum Company, Inc.                                Case number *(if known)*:   16-32237
_____
Name

| Part 3: | Legal Actions or Assignments |

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 See SOFA 7 attachment | | | ☐ Pending |
| | | Name | ☐ On appeal |
| **Case number** | | | ☐ Concluded |
| | | Street | |
| | | City          State          ZIP Code | |
| | | Country | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the Property | Value |
|---|---|---|
| 8.1 | | $ |
| Custodian's name | | **Court name and address** |
| Street | **Case title** | Name |
| City          State          ZIP Code | **Case number** | Street |
| Country | **Date of order or assignment** | City          State          ZIP Code |
| | | Country |

Debtor: Midstates Petroleum Company, Inc.                                      Case number *(if known)*: 16-32237
_____                              _____
Name

| **Part 4:** | **Certain Gifts and Charitable Contributions** |

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____ <br> Creditor's Name <br><br> _____ <br> Street <br> _____ <br><br> _____ <br> City    State    ZIP Code <br> _____ <br> Country <br><br> **Recipient's relationship to debtor** <br> _____ | | _____ | $ _____ |

Debtor:  Midstates Petroleum Company, Inc.
_____
Name

Case number *(if known)*  16-32237
_____

---

### Part 5:  Certain Losses

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | $ |

Debtor:  Midstates Petroleum Company, Inc. _____  Case number *(if known)*: ___16-32237___

Name

---

| **Part 6:** | **Certain Payments or Transfers** |

**11.   Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 _____ | | | $ _____ |
| **Address** | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |
| **Email or website address** | | | |
| _____ | | | |
| **Who made the payment, if not debtor?** | | | |
| _____ | | | |

**12.   Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 _____ | | | $ _____ |
| **Trustee** | | | |
| _____ | | | |

---

Debtor:  Midstates Petroleum Company, Inc.                                Case number *(if known)*:  16-32237

Name

**13.  Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |

Debtor: Midstates Petroleum Company, Inc. _____   Case number *(if known)*: 16-32237 _____
      Name

---

## Part 7:   Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| **Address** | **Dates of occupancy** |
| --- | --- |
| 14.1  See SOFA 14 attachment | From _____   To _____ |
| Street |  |
| _____ |  |
| City          State          ZIP Code |  |
| Country |  |

Debtor: Midstates Petroleum Company, Inc.

Name

Case number *(if known)*:   16-32237

---

**Part 8:**   **Health Care Bankruptcies**

**15.   Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1

Facility Name

| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
|---|---|---|

Street

*Check all that apply:*

☐ Electronically

☐ Paper

City          State          ZIP Code

Country

Debtor: Midstates Petroleum Company, Inc.
_____
Name

Case number *(if known)*: 16-32237

---

**Part 9:** **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor:   Midstates Petroleum Company, Inc.                                          Case number *(if known)*:   16-32237
              _____                                          _____
              Name

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |

**18.   Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Name _____ Street _____ _____ City        State        ZIP Code Country _____ | XXXX- | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |

**19.   Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | Name _____ Street _____ _____ City        State        ZIP Code Country _____ | Address _____ | | ☐ No ☐ Yes |

Debtor:   Midstates Petroleum Company, Inc.                                       Case number *(if known)*:   16-32237

          Name

**20.  Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑  None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 _____<br>Name<br><br>_____<br>Street<br><br>_____<br>City          State          ZIP Code<br><br>_____<br>Country |  | **Address** |  ☐ No<br><br> ☐ Yes |

Debtor:  Midstates Petroleum Company, Inc.                                    Case number *(if known)*:  16-32237
_____
Name

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | $ _____ |

Name
_____

Street
_____

_____

City            State            ZIP Code
_____

Country
_____

Debtor: Midstates Petroleum Company, Inc.

Name

Case number *(if known)*: 16-32237

---

| **Part 12:** | **Details About Environmental Information** |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No

☑ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- | --- |
| 22.1 | See SOFA 22 attachment | Name | | ☐ Pending |
| | Case Number | | | ☐ On appeal |
| | | Street | | ☐ Concluded |
| | | | | |
| | | City      State      ZIP Code | | |
| | | Country | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No

☑ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- | --- |
| 23.1 | See SOFA 23 attachment | | | |
| | Name | Name | | |
| | Street | Street | | |
| | City      State      ZIP Code | City      State      ZIP Code | | |
| | Country | Country | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☐ No

☑ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- | --- |
| 24.1 | See SOFA 24 attachment | | | |

Debtor: Midstates Petroleum Company, Inc.

Case number *(if known):* 16-32237

Name

| Name | Name |
|------|------|
| Street | Street |
| | |
| City          State          ZIP Code | City          State          ZIP Code |
| Country | Country |

Debtor: Midstates Petroleum Company, Inc.

Name

Case number *(if known)*     16-32237

**Part 13:** Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1  Midstates Petroleum Company LLC<br>Name | Oil and gas exploration | EIN: 26-3162434 |
| 321 S Boston Ave #1000<br>Street | | **Dates business existed**<br>From  4/25/2012   To  Present |
| Tulsa            OK        74103<br>City            State      ZIP Code | | |
| Country | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26a.1  See SOFA 26a attachment<br>Name | From                   To |
| Street | |
| City            State         ZIP Code | |
| Country | |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26b.1  See SOFA 26b attachment<br>Name | From                   To |
| Street | |
| City            State         ZIP Code | |
| Country | |

Official Form 207     **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**     Page 18

Debtor:   Midstates Petroleum Company, Inc.                                    Case number *(if known):*   16-32237
_____
Name

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  See SOFA 26c attachment | |
| Name | |
| | |
| Street | |
| | |
| City                          State              ZIP Code | |
| | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |
| Name |
| |
| Street |
| |
| City                          State              ZIP Code |
| |
| Country |

Debtor:  Midstates Petroleum Company, Inc.                                        Case number *(if known)*:  16-32237
_____
Name

### 27.  Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

|  | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | |
| | Name |
| | Street |
| | City          State          ZIP Code |
| | Country |

### 28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1  See SOFA 28 attachment | | | |

### 29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No

☒ Yes. Identify below.

| Name | Address | Position and Nature of any interest | Period during which position or interest was held | | | |
|---|---|---|---|---|---|---|
| 29.1  George DeMontrond | 321 S. Boston Ave., #1000, Tulsa, OK, 74103 | Director | From  5/1/2015 | To  2/15/2016 |
| 29.2  Thomas Knudson | 321 S. Boston Ave., #1000, Tulsa, OK, 74103 | Director | From  5/1/2015 | To  2/15/2016 |
| 29.3  John Mogford | 321 S. Boston Ave., #1000, Tulsa, OK, 74103 | Director | From  5/1/2015 | To  2/15/2016 |
| 29.4  R/C IV Eagle Holdings, L.P. | 712 Fifth Avenue, 36th Floor, New York, NY, 10019 | Shareholder with 32% Ownership as of 9/30/2015 | From  9/30/2015 | To  Unknown |

Debtor:  Midstates Petroleum Company, Inc.
_____
Name

Case number *(if known)*:  16-32237

**30.  Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

|  | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |
| | | | | |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN: |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN: |

In re: Midstates Petroleum Company, Inc.
Case No. 16-32237
Attachment 7
Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court name | Court address 1 | Court City | Court State | Court Zip | Court Country | Status of case (e.g. Pending, On appeal, Concluded) |
|---|---|---|---|---|---|---|---|---|---|
| Charles Knighton v. National Oilwell DHT, L.P., National Oilwell Varco, L.P., Midstates Petroleum Company, Inc. and Midstates Petroleum Company LLC | Cause No. 2014-40842 | Tort / Negligence / Personal Injury | 215th Judicial District in the District Court of Harris County, Texas | 201 Caroline St #1330 | Houston | TX | 77002 | | CLOSED |
| EEOC v. Midstates Petroleum Company, Inc. and Midstates Petroleum Company LLC | EEOC Charge No. 564-2016-00150 | Discrimination | None | | | | | | CLOSED |
| Karla Livingston v. Midstates Petroleum Company, Inc., Midstates Petroleum Company LLC & Gary Gainsford | Case No. CJ-2015-6117 | Tort / Negligence / Personal Injury | District Court of Oklahoma County, Oklahoma | 320 Robert S. Kerr, Room 409 | Oklahoma City | OK | 73102 | | ONGOING / STAYED PENDING BANKRUPTCY |
| Rickey P. Vidrine and Denee A. Vidrine v. Apache Corporation, et al., including Midstates Petroleum Company, Inc. | Docket No. 67979 | Tort / Breach of Contract | 13th Judicial District Court, Evangeline Parish, Louisiana | 200 Court Street | Ville Platte | LA | 70586 | | CLOSED |
| Shiela Turner et al. v. Basic Energy Services , LP, including Midstates Petroleum Company, Inc. | Cause No. 2015-73209 | Tort / Negligence / Personal Injury | District Court of Harris County, Texas | 201 Caroline St #420 | Houston | TX | 77002 | | ONGOING / STAYED PENDING BANKRUPTCY |
| Tower Royalty Company L.L.C & Thistle Royalty Company L.L.C vs. Special Energy Corporation, et al., including Midstates Petroleum Company, Inc & Midstates Petroleum Company LLC | Case No. CJ-10-159 | Breach of Contract | District Court of Lincoln County, Oklahoma | 811 Manvel Ave # 9 | Chandler | OK | 74834 | | ONGOING / STAYED PENDING BANKRUPTCY |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 14
Previous addresses

| Address 1 | City | State | Zip | Country | Dates of occupancy |
|---|---|---|---|---|---|
| 321 S Boston Ave #1000 | Tulsa | OK | 74103 | | 2/2013 - Present |
| 4400 Post Oak Pkwy # 2600 | Houston | TX | 77027 | | 10/2008 - Present |
| 47462 Garvin Rd | Avla | OK | 73717 | | 10/1/2012 - Present |
| 521 S.E. 9th ST | Perryton | TX | 79070 | | 5/1/2013 - Present |
| 17593 Highway 389 | Singer | LA | 70660 | | 10/2008 - 4/30/2015 |
| 1068 Rock Pit Road | Ville Platte | LA | 70586 | | 10/1/2012 - 5/1/2014 |

In re: Midstates Petroleum Company, Inc.

Case No. 16-32237

Attachment 22

Judicial or administrative proceeding under any environmental law

| Case title | Case number | Court or agency name | Address 1 | Address 2 | City | State | Zip | Nature of the case | Status of case |
|---|---|---|---|---|---|---|---|---|---|
| Department of Air Quality, Air Quality Division | Enforcement ID 8092 | Oklahoma Department of Environmental Quality | 707 North Robinson | P.O. Box 1677 | Oklahoma City | OK | 73101-1677 | Failure to obtain proper air quality permits in violation of OAC 252:100-7-18(a) | Concluded |
| Glass Johnson Spill | NRC Report No. 1104142 | United States Environmental Protection Agency | Region 6 | 1455 Ross Avenue Suite 1200 | Dallas | TX | 75202-2733 | Water and oil spill in Woods County, OK on or about December 31, 2014 in violation of Clean Water Act, Section 308 | Concluded |
| Lohmann No. 1H-10 | Cause en no. 201500065 | Oklahoma Corporation Commission | P.O. Box 52000 | | Oklahoma City | OK | 73152-2000 | Pollution violation OAC 165: 10-7-5(a) | Concluded |
| Louisiana DEQ Violation | Enforcement No. AE-PP-09-0701 | Louisiana Department of Environmental Quality | 602 N. Fifth Street | | Baton Rouge | LA | 70802 | Failure to obtain proper air quality permits in violation of LAC 33.III.501.C.2, La R.S..30.2057(A)(1) | Concluded |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 23
Governmental unit notification of liability or potential liability under or in violation of an environmental law

| Site name | Address 1 | City | State | Zip | Governmental unit name | Address 1 | Address 2 | City | State | Zip | Environmental law | Date of notice |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lohmann No. 1H-10 | 321 S Boston Ave #1000 | Tulsa | OK | 74103 | Oklahoma Corporation Commission | P.O. Box 52000 | | Oklahoma City | OK | 73152-2000 | Pollution violation OAC 165: 10-7-5(a) | 8/12/2015 |
| Multiple Facilities | 321 S Boston Ave #1000 | Tulsa | OK | 74103 | Oklahoma Department of Environmental Quality | 707 North Robinson | P.O. Box 1677 | Oklahoma City | OK | 73101-1677 | Failure to obtain proper air quality permits in violation of OAC 252:100-7-18(a) | 4/6/2016 |
| Woods County, OK | 321 S Boston Ave #1000 | Tulsa | OK | 74103 | United States Environmental Protection Agency | Region 6 | 1455 Ross Avenue Suite 1200 | Dallas | TX | 75202-2733 | Water and oil spill in Woods County, OK on or about December 31, 2014 in violation of Clean Water Act, Section 308 | 8/31/2015 |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 24
Notification to governmental unit of any release of hazardous material

| Site name | Governmental unit name | Address 1 | City | State | Zip | Environmental law | Date of notice |
|---|---|---|---|---|---|---|---|
| Avard 1H-30 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/3/2015 |
| Buckles 1H-3 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/8/2015 |
| Buckles 1H-9 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/13/2015 |
| Buckles 2513 1H-24A | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/12/2016 |
| Buckles 4H-14 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 6/24/2015 |
| Buckles Family Trust 1H-31 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 4/29/2016 |
| Chapman 1H-17 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 3/12/2015 |
| CR 460 & Custer | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 1/31/2016 |
| Dacoma SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 6/26/2015 |
| Dax 1H-35 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 4/22/2016 |
| Denton SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 7/14/2015 |
| Denton SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/9/2015 |
| Denton SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/9/2016 |
| DK Pad | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 1/28/2015 |
| E. Wellston SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 3/23/2015 |
| East Wellston SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 11/6/2015 |
| East Wellston SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/1/2016 |
| Gena Lay Flat Line | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 3/24/2015 |
| Glass 2H-18 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/10/2015 |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 24
Notification to governmental unit of any release of hazardous material

| Site name | Governmental unit name | Address 1 | City | State | Zip | Environmental law | Date of notice |
|---|---|---|---|---|---|---|---|
| Henthorn 2H-14 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/24/2015 |
| Johnson 3H-28 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 7/30/2015 |
| Johnson 4H-28 | The Railroad Commission of Texas | P.O. Box 12967 | Austin | TX | 78711-2967 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21, TAC Title 16-1-3.91, Texas State rule 20, Texas State rule 91 | 9/18/2015 |
| Lancaster 1H-23 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 5/12/2015 |
| Lohmann 1H-29 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 9/6/2015 |
| Lois lease road drive (0.5 mi west of CR-470 & Garvin Rd) | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 1/29/2015 |
| Lone Eagle 1H-8 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/28/2015 |
| LONGHURST SWD (S of location) | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 1/31/2015 |
| Meier SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 10/2/2015 |
| Mueller 2H-6 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 7/15/2015 |
| Murrow 2H-10 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/6/2015 |
| Murrow 2H-10 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 10/13/2015 |
| Nelson 1H-7A | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 7/20/2015 |
| Nickel 1H-33 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 3/17/2016 |
| Paris 3H-5 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 4/16/2015 |
| Reinhart 1H-26 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/10/2016 |
| ROW West of Zahorsky SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/10/2016 |
| Rudy 1H-19 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 5/10/2015 |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 24
Notification to governmental unit of any release of hazardous material

| Site name | Governmental unit name | Address 1 | City | State | Zip | Environmental law | Date of notice |
|---|---|---|---|---|---|---|---|
| Ryerson Booster | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/6/2015 |
| Ryerson Booster | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 8/21/2015 |
| Shipley 1H-4 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 10/20/2015 |
| Theising (Greer Road) | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 7/20/2015 |
| Tidwell 1H | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 10/28/2015 |
| Trixie 1H-23 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 12/1/2015 |
| Wessels 2612 2H-26 A | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 12/28/2015 |
| Wessels 2H-26 | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 5/4/2016 |
| Zahorsky SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 11/13/2015 |
| Zahorsky SWD | Oklahoma Corporation Commission | P.O. Box 52000 | Oklahoma City | OK | 73152-2000 | OAC 165:10-7-5, OAC 165-7-17, OAC 165:129-1-21 | 2/1/2016 |

5/25/2016 11:19 AM

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 26a
Books, records and financial statements - Accountants and bookkeepers

| Name | Address 1 | Address 2 | City | State | Zip | Title | Dates of service |
|------|-----------|-----------|------|-------|-----|-------|------------------|
| BDO USA, LLP | PO BOX 31001-0860 | | PASADENA | CA | 91110-0860 | Internal Tax Preparation for Financial Statements | 7/1/2014 - 4/30/2016 |
| David Chandler | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Controller | 6/15/2013 - 4/7/2015 |
| DELOITTE & TOUCHE LLP | P.O. BOX 844708 | | DALLAS | TX | 75284-4708 | External Auditor | 5/1/2014 - 3/30/2016 |
| DELOITTE & TOUCHE LLP | P.O. BOX 844708 | | DALLAS | TX | 75284-4708 | Tax | 5/1/2014 - 4/30/2016 |
| Dexter Burleigh | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Former Senior Vice President SVP, Planning & Treasury | 12/1/2009 - 1/1/2015 |
| Frederic F. Brace | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Interim President and Chief Executive Officer | 3/9/2015 - 4/30/2016 |
| Grant Thornton LLP | 33911 TREASURY CENTER | | CHICAGO | IL | 60694-3900 | External Auditor | 3/30/2106 - 4/30/2016 |
| Grant Thornton LLP | 33911 TREASURY CENTER | | CHICAGO | IL | 60694-3900 | Internal Auditor | 5/1/2014 - 12/31/2015 |
| James Welch | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Director of Marketing & Treasury | 3/15/2010 - 5/8/2015 |
| Jason McGlynn | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Director of Investor Relations, Strategic Planning & Treasury | 1/1/2016 - 4/30/2016 |
| Nelson M. Haight | 4400 Post Oak Pkwy | #2600 | Houston | TX | 77027 | Executive Vice President & Chief Financial Officer | 12/14/2011 - 4/30/2016 |
| OPPORTUNE LLP | 711 LOUISIANA STREET, SUITE 3100 | | HOUSTON | TX | 77002 | Internal Tax Preparation for Financial Statements | 5/1/2014 - 6/30/2014 |
| Dr. Peter Hill | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Former Interim President and Chief Executive Officer | 4/1/2014 - 3/18/2015 |
| Rich McCullough | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Chief Accounting Officer | 4/8/2015 - 4/30/2016 |
| STINNETT & ASSOCIATES, LLC | 8801 S. YALE AVE, STE 330 | | TULSA | OK | 74137 | Internal Auditor | 1/1/2016 - 4/30/2016 |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 26b
Books, records and financial statements - Auditors

| Name | Address 1 | City | State | Zip | Title | Dates of service |
|------|-----------|------|-------|-----|-------|------------------|
| BDO USA, LLP | PO BOX 31001-0860 | PASADENA | CA | 91110-0860 | Internal Tax Preparation for Financial Statements | 7/1/2014 - 4/30/2016 |
| DELOITTE & TOUCHE LLP | P.O. BOX 844708 | DALLAS | TX | 75284-4708 | External Auditor | 5/1/2014 - 3/30/2016 |
| DELOITTE & TOUCHE LLP | P.O. BOX 844708 | DALLAS | TX | 75284-4708 | Tax | 5/1/2014 - 4/30/2016 |
| Grant Thornton LLP | 33911 TREASURY CENTER | CHICAGO | IL | 60694-3900 | External Auditor | 3/30/2016 - 4/30/2016 |
| Grant Thornton LLP | 33911 TREASURY CENTER | CHICAGO | IL | 60694-3900 | Internal Auditor | 5/1/2014 - 12/31/2015 |
| OPPORTUNE LLP | 711 LOUISIANA STREET, SUITE 3100 | HOUSTON | TX | 77002 | Internal Tax Preparation for Financial Statements | 5/1/2014 - 6/30/2014 |
| STINNETT & ASSOCIATES, LLC | 8801 S. YALE AVE, STE 330 | TULSA | OK | 74137 | Internal Auditor | 1/1/2016 - 4/30/2016 |

6/2/2016 6:25 PM

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 26c
Books, records and financial statements - Firms in possession of books and records

| Name | Address 1 | Address 2 | City | State | Zip | Title | If any books of account and records are unavailable, explain why |
|------|-----------|-----------|------|-------|-----|-------|------------------------------------------------------------------|
| Frederic F. Brace | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Interim President and Chief Executive Officer | n/a |
| Jason McGlynn | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Director of Investor Relations, Strategic Planning & Treasury | n/a |
| Nelson M. Haight | 4400 Post Oak Pkwy | # 2600 | Houston | TX | 77027 | Executive Vice President & Chief Financial Officer | n/a |
| Rich McCullough | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Chief Accounting Officer | n/a |

**In re: Midstates Petroleum Company, Inc.**
**Case No. 16-32237**
Attachment 28
Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | Address 2 | City | State | Zip | Position and nature of any interest | % of interest, if any |
|------|-----------|-----------|------|-------|-----|-------------------------------------|----------------------|
| FR MIDSTATES INTERHOLDING LP | C/O JOHN CANNAVERDE ATTN: DELOITTE & TOUCHE | 333 LUDLOW STREET | Stamford | CT | 06902-6982 | Shareholder | 25% Ownership |
| Frederic F. Brace | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Interim President, Chief Executive Officer and Board Member | |
| Alan Carr | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Director | |
| Bruce Stover | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Director | |
| Robert Ogle | 321 S. Boston Ave. | #1000 | Tulsa | OK | 74103 | Director | |

6/6/2016 7:06 AM

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/06/2016
              MM / DD / YYYY

✘   / s / Nelson M. Haight                              Printed name   Nelson M. Haight

Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Executive Vice President and Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐   No

☑   Yes