

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/10/2016

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**AGREED ORDER FOR RELIEF FROM THE AUTOMATIC STAY**
(Docket No. 398)

CAME ON FOR CONSIDERATION, the Joint Motion for Entry of Agreed Order for Relief from the Automatic Stay Pursuant to Bankruptcy Rule 4001(d) ("Motion") filed by the above-captioned debtors and debtors in possession ("Debtors") and Wayne Edward Loebig and Cortnie Loebig (the "Loebigs") (together with the Debtors, the "Movants"). The Court, having reviewed same, and any response(s) thereto, and found that notice of the Motion was proper, is of the opinion that the Motion should be, and is hereby GRANTED in its entirety, and that the following order should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.   The Motion is hereby granted as set forth herein.

2.   The automatic stay is hereby lifted to allow the Loebigs to proceed in the suit styled *Wayne Edward Loebig and Cortnie Loebig vs. RWDY, Inc. and Midstates Petroleum Company, LLC,* (the "Suit") in the District Court of Harris County, Texas, Cause No. 2016-23536 (the "State Court") on the claims asserted therein (the "Claims") against the Debtors but only to the extent of available insurance proceeds from the Insurance Policy or Other Available Coverage (as defined in the Motion) ("applicable insurance policies").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

3. The Loebigs shall not be entitled to any claim or right to recovery against the Debtors, the Debtors' estates, or their property (except to the extent that applicable insurance policies and/or their proceeds constitute their property), and except to the extent of applicable insurance policies and/or their proceeds, hereby release and forever discharge the Debtors, their estates, and their property, of and from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs (including out-of-pocket expenses, court costs, expert witness fees, etc.), and any other liabilities of any nature whatsoever, whether sounding in contract, tort or otherwise, whether matured or unmatured, accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter, including for the avoidance of doubt, the Claims that the Loebigs have asserted or could have asserted against the Debtors, their estates, or their property.

4. The Loebigs shall not propound or take any step whatsover to seek discovery from the Debtors, by any means, including written and oral discovery, under any procedures or applicable law, until the occurrence of the effective date of a chapter 11 plan of the Debtors or October 31, 2016, whichever is earlier.  This shall not prohibit the Loebigs from noticing or participating in depositions of witnesses who are not employees of the Debtors in the suit, including witnesses who were contractors of Debtors. Further, bankruptcy counsel for Debtors may consider and enter into agreements with counsel for the Loebigs and counsel appointed by insurer(s) to represent Debtors in the suit to modify this discovery prohibition.

5. The Debtors shall retain all of their rights and interests in any claim they may have against the Insurer (or any other applicable insurer) relating to the administration of and handling of the Claims, under applicable law, including duties to settle such Claims.

6. To the extent the Stay is lifted, any insurer contractually obligated to defend Debtors in the suit is permitted to engage in the defense of Debtors in the suit, and to incur obligations on behalf of Debtors (e.g., attorney's fees and litigation expenses) in the course of such defense of the suit, and solely to the extent such obligations are covered by the Insurance Policy or Other Applicable Coverage.

7. The Bankruptcy Court shall retain jurisdiction over any and all disputes arising from the entry of this Agreed Order.

Signed: August 10, 2016

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND SUBSTANCE:

Patricia B. Tomasco
State Bar No. 01797600
Matthew D. Cavenaugh
State Bar No. 24062656
Jennifer F. Wertz
State Bar No. 24072822
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, Texas 77010

Edward O. Sassower (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, NY 10022

James H.M. Sprayregen (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Jason Gott (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 N LaSalle
Chicago, IL 60654

**COUNSEL FOR THE DEBTORS**

Steve Waldman
State Bar No. 20679550
TERRY BRYANT PLLC
8584 Katy Freeway, Suite 100
Houston, Texas 77024

**COUNSEL FOR WAYNE EDWARD LOEBIG AND CORTNIE LOEBIG**