# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | § | Case No. 16-32237 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**DEBTORS' EMERGENCY MOTION TO (I) STRIKE APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 328(A) AND 1103(A) AUTHORIZING THE EMPLOYMENT OF MEE MEE HOGE & EPPERSON, PLLP AS TESTIFYING EXPERTS FOR THE OFFICIAL COMMITTEE OF THE UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 24, 2016 AND (II) EXCLUDE ANY TESTIMONY FROM KRAETTLI Q. EPPERSON AND JOSHUA C. GREENHAW**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

**TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:**

Midstates Petroleum Company, Inc. and Midstates Petroleum Company LLC (collectively, the "Debtors"), file this Emergency Motion to (I) Strike Application for Order Under 11 U.S.C. §§ 328(A) and 1103(A) Authorizing the Employment of Mee Mee Hoge & Epperson, PLLP as Testifying Experts for the Official Committee of the Unsecured Creditors *Nunc Pro Tunc* to August 24, 2016 and (II) Exclude Any Testimony from Kraettli Q. Epperson and Joshua C. Greenhaw (the "Motion"), and in support, respectfully state as follows:

1. On September 25, 2016—the evening before the commencement of the confirmation hearing on the Debtors' proposed Plan—the Official Committee of Unsecured Creditors (the "Committee") filed its belated Application for Order Under 11 U.S.C. §§ 328(a) and 1103(a) Authorizing the Employment of Mee Mee Hoge & Epperson, PLLP as Testifying Experts for the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to August 24, 2016 (the "Application") [Dckt. No. 668] and contemporaneously therewith, the Declaration of Kraettli Q. Epperson in Support of Application for Order Under 11 U.S.C. § 328(a) and 1103(a) Authorizing the Employment of Mee Mee Hoge & Epperson, PLLP as Testifying Experts for the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to August 24, 2016 (the "Epperson Declaration") [Dckt. No. 670].

2. The Application and accompanying Epperson Declaration should be stricken because the Application requests authority to employ two attorneys, Joshua C. Greenhaw ("Greenhaw") and Kraettli Q. Epperson ("Epperson"), to serve as rebuttal expert witnesses whose proposed testimony is wholly inadmissible. Any testimony that would be provided (as set forth in the Application and the supporting Declaration themselves) by each of Epperson and Greenhaw constitutes nothing more than legal opinion by an expert witness—proposed testimony that courts routinely and without hesitation prohibit. No admissible testimony can flow

17043279v.5

from either Greenhaw and Epperson serving as experts in this matter, and the Application should be thus stricken as the Committee's requested employment of Epperson and Greenhaw can serve no useful purpose for the Debtors' estates. For the same reasons, Epperson and Greenhaw should be excluded from testifying in this matter because legal opinion is inadmissible evidence.

3. Courts have routinely held that legal opinions are inadmissible even without any *Daubert* analysis. *See e.g., Askanse v. Fatjo,* 130 F. 3d 657, 673 (5th Cir. 1997) (approving of trial court's finding that expert's testimony that constituted a legal opinion was inadmissible); *Estate of Willie Mae Sowell,* 198 F.3d 169, 172 (5th Cir. 1999) (approving of district court's exclusion of testimony on the basis that it was inadmissible legal opinion). As the Fifth Circuit has countenanced, although a lawyer may qualify in certain circumstances as an expert witness, any testimony from a lawyer "must be posited as an *a priori* assumption [that] there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanse,* 130 F.3d at 673 (citing *Specht v. Jensen,* 853 F.2d 805, 807 (10th Cir. 1988)).

4. The Application and the Epperson Declaration reveal that the only evidence to be provided by Greenhaw and Epperson consists of inadmissible testimony concerning legal questions about which the parties disagree, and for which a ruling is requested from the Court. Thus, any testimony by Greenhaw or Epperson as to each of their legal opinion is an inadmissible attempt to purport to usurp the Court's role as the "spokesman of the law." *See id.* The Application makes this goal plain. It sets forth that the Committee "requires expert testimony concerning the perfection of liens on oil and gas assets in Oklahoma (the "Epperson Subject Matter") and the foreclosure process for liens on oil and gas assets in Oklahoma (the "Greenhaw Subject Matter"), and plainly admits that the firm of MMH&E was "retained in order

that Mr. Epperson would provide expert testimony regarding the Epperson Subject Matter and Mr. Greenhaw would provide expert testimony regarding the Greenhaw Subject Matter." *See* Application, ¶ 6. Each of the Epperson Subject Matter and the Greenhaw Subject Matter involve nothing more than inadmissible legal opinion concerning pivotal questions of law (perfection of liens and the foreclosure process under Oklahoma law) that the parties have requested the Court to decide in the context of confirmation of the Debtors' Plan.

5. The fact that Epperson and Greenhaw offer nothing but inadmissible testimony if employed and if permitted to testify is obvious from the Application and the Declaration. The sole basis advanced in each of the Application and the Declaration for the qualification for each of Epperson and Greenhaw is their experience as lawyers. *See* Application, ¶¶ 9-12. No admissible evidence can thus flow from Epperson and Greenhaw, and indeed, the Committee in fact plans none, as evident from the Application and Declaration.

6. Although the Committee has only recently filed the Application, the Committee previously designated Epperson and Greenhaw as rebuttal expert witnesses. The respective expert reports of each on their face likewise demonstrated that the opinions of both Greenhaw and Epperson constitute inadmissible legal opinions.[2] Furthermore, because the Debtors do not intend to call a similar legal expert to testify at trial on confirmation of the Debtors' plan,[3] there is simply no testimony for Greenhaw or Epperson to rebut. Thus, the respective witness reports and any testimony of both Messrs. Greenhaw and Epperson are immaterial or impertinent within the scope of Rule 12(f).

---

[2] To the extent necessary, the Debtors will submit copies of the referenced expert reports (as well as copies of relevant deposition testimony of Epperson) for the Court's review as same are subject to the Stipulation and Order Governing the Production and/or Disclosure of Confidential Discovery Materials and Authorizing the Filing of Certain Documents Under Seal [Dckt. No. 899].

[3] The Debtors no longer intend to call Benjamin Hackett to testify.

7. Accordingly, the Court should strike the Application and Declaration, strike the witness designations of Greenhaw and Epperson (and their respective expert reports) and exclude them from testifying at trial.[4]

### Emergency Relief Requested

8. The Debtors request emergency consideration of this Motion because the hearing on confirmation of the Debtors' Plan commences on September 26, 2016. Therefore, emergency consideration of this Motion is warranted.

### Conclusion

9. For the foregoing reasons, the Debtors respectfully request that the Court (a) strike the Application and Epperson Declaration; (b) strike the Committee's expert designations of Joshua C. Greenhaw and Kraettlie Q. Epperson; (c) prohibit each of Joshua C. Greenhaw and Kraettlie Q. Epperson from testifying in this matter; and (d) grant such other relief as is just and proper.

---

[4] Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that "embraces an ultimate issue to be decided by the trier of fact," an expert witness is prohibited from rendering a legal opinion. *United States v. Leo*, 941 F.2d 181, 195-96 (3d Cir.1991). *See also* Fed.R.Evid. 704 advisory committee's note (Federal rules of evidence "stand ready to exclude opinions phrased in terms of inadequately explored legal criteria."); *United States v. Unruh*, 855 F.2d 1363, 1376 (9th Cir.1987) ("We have condemned the practice of attempting to introduce law as evidence."), *cert. denied*, 488 U.S. 974, 109 S.Ct. 513, 102 L.Ed.2d 548 (1988).

17043279v.5

|  | Respectfully submitted, |
|---|---|
| Houston, Texas | /s/ *Matthew D. Cavenaugh* |
| Dated:  September 26, 2016 | Patricia B. Tomasco (TX Bar No. 01797600) |
|  | Matthew D. Cavenaugh (TX Bar No. 24062656) |
|  | Jennifer F. Wertz (TX Bar No. 24072822) |
|  | **JACKSON WALKER L.L.P.** |
|  | 1401 McKinney Street, Suite 1900 |
|  | Houston, Texas 77010 |
|  | Telephone: (713) 752-4200 |
|  | Facsimile: (713) 752-4221 |
|  | Email: ptomasco@jw.com |
|  | mcavenaugh@jw.com |
|  | jwertz@jw.com |
|  | -and- |
|  | Edward O. Sassower, P.C. (admitted *pro hac vice*) |
|  | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
|  | **KIRKLAND & ELLIS LLP** |
|  | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
|  | 601 Lexington Avenue |
|  | New York, New York 10022 |
|  | Telephone: (212) 446-4800 |
|  | Facsimile: (212) 446-4900 |
|  | Email: edward.sassower@kirkland.com |
|  | joshua.sussberg@kirkland.com |
|  | -and- |
|  | James H.M. Sprayregen, P.C. (admitted *pro hac vice*) |
|  | William A. Guerrieri (admitted *pro hac vice*) |
|  | Jason Gott (admitted *pro hac vice*) |
|  | **KIRKLAND & ELLIS LLP** |
|  | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
|  | 300 North LaSalle |
|  | Chicago, Illinois 60654 |
|  | Telephone: (312) 862-2000 |
|  | Facsimile: (312) 862-2200 |
|  | Email: james.sprayregen@kirkland.com |
|  | will.guerrieri@kirkland.com |
|  | jason.gott@kirkland.com |
|  | -and- |
|  | Patrick King |
|  | Sarah E. Williams |
|  | **KIRKLAND & ELLIS LLP** |
|  | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
|  | 600 Travis |
|  | Houston, Texas 77002 |
|  | Telephone: (713) 835-3600 |
|  | Facsimile: (713) 835-3601 |
|  | Email: pking@kirkland.com |
|  | sarah.williams@kirkland.com |

17043279v.5

**CERTIFICATE OF SERVICE**

      I hereby certify on that the 26th day of September 2016, a true and correct copy of the foregoing was sent via the Court's CM/ECF electronic notification system to all parties requesting service through same.

                                      /s/ *Matthew D. Cavenaugh*
                                      Matthew D. Cavenaugh