

ENTERED
10/19/2016

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIDSTATES PETROLEUM COMPANY, INC., *et al.*,[1] | ) | Case No. 16-32237 (DRJ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 437, 539** |

### AGREED ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS

**WHEREAS**, on August 3, 2016, the Debtors filed the *Debtors' Motion for Entry of an Order Extending Their Exclusivity Period to File a Chapter 11 Plan* [Docket No. 437] (the "Motion")[2] for the entry of an order extending the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period"), and Debtors' exclusive period to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods");

**WHEREAS**, at the direction of the Court, the Debtors and the Committee negotiated an extension of the Exclusive Periods and submitted a proposed form of bridge order to the court on August 24, 2016;

**WHEREAS**, on August 25, 2016, the Court entered the *Bridge Order Extending the Debtors' Exclusivity Period to File a Chapter 11 Plan* [Docket No. 539] (the "Bridge Order"),

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Midstates Petroleum Company, Inc. (1816) and Midstates Petroleum Company LLC (2434). The debtors' service address is: 321 South Boston, Suite 1000, Tulsa, Oklahoma 74103.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the *First Amended Joint Chapter 11 Plan of Reorganization of Midstates Petroleum Company, Inc. and Its Debtor Affiliate* [Docket No. 690] (the "Plan").

KE 43446221

which extended the Exclusive Filing Period to at least 21 days after the termination or conclusion of the confirmation hearing;

**WHEREAS**, on September 29, 2016, the confirmation hearing concluded and the Court entered an order [Docket No. 698] (the "Confirmation Order") confirming the Plan, which meant that the Exclusive Filing Period will terminate on October 20, 2016;

**WHEREAS**, the Debtors and their advisors are diligently working towards the Effective Date, which is expected to occur in October, but may occur after October 20, 2016 (the last day of the Exclusive Filing Period pursuant to the Bridge Order);

**WHEREAS**, out of an abundance of caution, to address the circumstance where the Plan does not go effective prior to October 20, 2016, the Debtors, the Committee, the First Lien Agent, the Consenting Second Lien Ad Hoc Committee, and the Consenting Cross-Over Ad Hoc Committee have agreed to extend the Exclusive Filing Period and the Exclusive Solicitation Period through and including November 15, 2016;

**NOW THEREFORE**, it is hereby ordered that:

1. The Motion is granted as set forth herein.

2. The Exclusive Filing Period is extended through and including November 15, 2016, and the Exclusive Solicitation Period is extended through and including November 15, 2016.

3. This Order is without prejudice to (a) the Debtors' ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code, and (b) the right of any party in interest to object to any further requests for extensions of the Exclusive Periods.

4.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

5.  Notwithstanding Bankruptcy Rule 6004(h), the term and conditions of this agreed order are immediately effective and enforceable upon its entry.

6.  The terms and conditions of this agreed order shall be immediately effective and enforceable upon its entry.

7.  All time periods set forth in this agreed order shall be calculated in accordance with Bankruptcy Rule 9006(a)

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this agreed order in accordance with the Motion.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this agreed order.

**Signed:  October 19, 2016.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**